```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

IRIS M. CORA VEGA,

               Plaintiff,         08-CV-6483

v.                                                 **DECISION**
                                                       **and ORDER**
MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____

## **INTRODUCTION**

    Plaintiff Iris M. Cora Vega ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), partially granting her application for Disability Insurance Benefits ("DIB")as well as Supplemental Security Income ("SSI"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") James E. Dombeck, granting the limited application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

    The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) ("Rule 12(c)"), on the grounds that the

ALJ's decision was supported by substantial evidence, and made in accordance with applicable law.[1]

### BACKGROUND

On October 15, 2004, Plaintiff Iris M. Cora Vega, a forty-three year old unemployed woman, had filed a DIB application under Title II, § 216 (I) and §223 of the Social Security Act claiming a disability beginning around August 13, 2004. Prospectively on June 10, 2005, Plaintiff filed a SSI application; and both of these applications were denied by the Social Security Administration ("the Administration"). Based on her leg pain from a car accident that occurred in 2004, she was unable to return to her job as a maintenance worker at Great Metal. (Tr. 5-6).

After denial of the applications by the Administration, the Plaintiff then requested a hearing before ALJ James E. Dombeck on September 26, 2007. In a decision dated November 20, 2007, the ALJ determined that the Plaintiff was temporarily disabled from August 13, 2004 until February 3, 2006. The ALJ's decision became the final decision of the of the Commissioner when the Social Security Appeals Council denied the Plaintiff's request for timely review on September 26, 2008. On October 27, 2008, Plaintiff filed this action pursuant to § 405(g) of the Act for review of the final decision of the Commissioner.

---

[1]Response to the Commissioner's motion for judgment on the pleadings was due by June 26, 2009. See Docket Entry #4. No response was filed by petitioner as of the date of this decision.

## **DISCUSSION**

### I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits and Supplemental Security Income. Additionally, the section directs that when considering such claims, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988).

II. **The Commissioner's decision to grant the Plaintiff limited benefits was supported by substantial evidence within the record and is proper as a matter of law**

The ALJ in his decision, found that Plaintiff was disabled for a limited period of time beginning on August 13, 2004 and ending on February 3, 2006 pursuant to the relevant portions of the Social Security Act. A disability is defined within 42 U.S.C. § 423(d) to be the

> *"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months."* 42 U.S.C. § 423(d) (1991).

In determining the threshold question of Plaintiff's disability, the ALJ adhered to the Social Security Administration's 5-Step sequential analysis for evaluating assignments of disability benefits.[2] See 20 C.F.R. § 404.1520. Having gone through the

---

[2] Pursuant to the five-step analysis set forth in the regulations, the ALJ, when necessary will: (1) consider whether the claimant is currently engaged in substantial gainful activity; (2) consider whether the claimant has any severe impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities; (3) determine, based solely on medical evidence, whether the claimant has any impairment or impairments listed in Appendix 1 of the Social Security Regulations; (4) determine whether or not the claimant maintains the residual functional capacity ("RFC") to perform his past work; and (5) determine whether the claimant can perform other work. See id.

evaluation process, the ALJ found (1) Plaintiff had not engaged in substantial gainful activity since August 13, 2004; (2) Plaintiff had suffered the following "severe impairments": left leg disorder, tibia fracture and open reduction, and internal fixation ("ORIF") surgery; (3) During the time of disability, Plaintiff's impairment's did not meet or equal those listed within 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 416.920(d)); (4) During the time of determined disability, Plaintiff was unable to perform her past relevant work; (5) During the time of disability, there were no other jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. (R.[3] 16-17).

Since the Plaintiff had filed both a Title II DIB application and a Title XVI SSI application, the ALJ was required to consider additional steps to address whether the Plaintiff's disability continues through the date of his decision. In determining the Title II DIB claim the ALJ considered: (1) whether the Plaintiff is engaging in substantial gainful activity - if Plaintiff has engaged in such activity while the trial period has been completed, the Plaintiff is no longer disabled (20 CFR 404.1594(f)(1)); (2) impairment or combination of impairments which meets or medically equals the criteria of an impairment listed in 20 CFR Part, 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,

---

[3] Citations to "R." refer to the Record of the Administrative Proceedings

404.1526, 416.920(d), 416.926); (3)whether medical improvement has occurred (20 CFR 404.1594(f)(3), 416.994(b)(5)(ii)); (4) whether medical improvement is related to the ability to work (20 CFR 404.1594 (f)(4), 416.994(b)(5)(iii)); (5) whether an exception applied to the medical improvement (20 CFR 404.1594 (f)(5), 416.994(b)(5)(iv)), (6)whether all the claimant's current impairments in combination are severe (20 CFR 404.1594 (f)(6), 416.994(b)(5)(v)); (7) assessment of the Plaintiff's RFC based on the current impairments and determine if she can perform past relevant work (20 CFR 404.1594 (f)(7), 416.994(b)(5)(vi)); (8) whether other work exists that the claimant can perform, given her RFC and considering her age, education, and past work experience (20 CFR 404.1594 (f)(8), 416.994(b)(5)(vii)). (R. 17-18).

The Plaintiff also brought a Title XVI claim for SSI benefits. For SSI availability, the determination requires a 7-step process. A decision maker will determine the SSI availability based on: (1) impairment or combination of impairments which meets or medically equals the criteria of an impairment listed in 20 CFR Part, 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.926); (2)whether medical improvement has occurred (20 CFR 404.1594(f)(3), 416.994(b)(5)(ii)); (3) whether medical improvement is related to the ability to work (20 CFR 404.1594 (f)(4), 416.994(b)(5)(iii)); (4) whether an exception applied to the medical improvement (20 CFR 404.1594 (f)(5),

416.994(b)(5)(iv)); (5)whether all the Plaintiff's current impairments in combination are severe (20 CFR 404.1594 (f)(6), 416.994(b)(5)(v)); (6) assessment of the Plaintiff's RFC based on the current impairments and determine if she can perform past relevant work (20 CFR 404.1594 (f)(7), 416.994(b)(5)(vi)); (7) whether other work exists that the Plaintiff can perform, given her RFC and considering her age, education, and past work experience (20 CFR 404.1594 (f)(8), 416.994(b)(5)(vii)). (R. 17-18).

With respect to the DIB and SSI applications, the ALJ found that: the Plaintiff had not engaged in a substantial gainful activity while she was disabled; Plaintiff was determined to be under a disability, as defined by the Act, from August 13, 2004 through February 3, 2006; there was medical improvement that occurred as of February 3, 2006, the date the disability ended (as supported by the treating physician) (R. 22); and that beginning on February 4, 2006, Plaintiff has not had an impairment that included one listed within 20 CFR Part 404, Subpart P, Appendix 1. The ALJ found that on February 4th the Plaintiff could also perform jobs that required sedentary work as long as they excluded prolonged standing and walking or manual labor (R. 22).

The ALJ noted that as of February 4, 2006, according to doctors records, Plaintiff's medical issues had improved, thus increasing her functional capacity for basic work activities. (R. 24) The Plaintiff, beginning on August 13, 2004, was unable to

perform past relevant work since it had required such a high level of exertion, including standing and walking. (R. 24). However, as of February 4, 2006, the ALJ found the Plaintiff capable to perform a significant number of jobs within the national economy, considering her age, education, and work experience.

**A.  The ALJ's decision is supported by the medical evidence in the record**

The ALJ determined that Plaintiff's leg injury, once healed, did not prevent her from performing sedentary work.  (R. 22) Plaintiff argues that she is entitled to extended benefits, beyond the time that her benefits had expired. (Plaintiff Complaint at 9). However, I find that the ALJ's decision was supported by substantial medical evidence in the record.

The medical record shows that on August 13, 2004 the Plaintiff had been struck by an automobile, fracturing her right tibia. (R. 19).  While in Puerto Rico, she underwent ORIF surgery and in December of 2004 her orthopedic surgeon, Dr. Gross, reported the fracture healed leaving her with a normal range of motion; however, Plaintiff still had been suffering painful ambulation and weakness that lead her to temporarily walk with the assistance of a cane. (R. 19).  During the period of December 2005 and March 2006, post traumatic arthritis was found by Dr. Gross as well as a slow healing infection with underlying osteomyelitis. (R. 372-74).  In the month of December 2006, an MRI revealed a healed fracture and no active osteomyelitis.  In addition, the Plaintiff's primary care

physician, Dr. Hanson, had reported that her RFC would permit her to resume work at a sedentary level. (R. 393-97, 382-84).

In addition to her leg impairment, Plaintiff also claims her depression caused her to be disabled. Prior to the accident, Plaintiff was seen by Dr. Manuel Brignoni Roman in Puerto Rico (presumably a psychiatrist), who had diagnosed Plaintiff to have a major depressive disorder that was severe and recurrent. These diagnostics were considered unreliable because they were not done with any Axis II diagnosis. In addition the mental exam found her to be only mildly impaired. On April 22, 2005, the State agency reviewers confirmed the moderate impairment. (R. 270-73). From December 2005 to February 2006, Plaintiff was treated at Livingston County Mental Health and was diagnosed with having adjustment disorder with mixed depressive and anxious symptoms. However, between February 13, 2006 and August 23, 2007 there are no treatments reported at that facility.

Plaintiff's claim of disability between the dates of August 13, 2004 and February 3, 2006, are generally supported by the medical evidence in the record. Her injury was caused when she was struck by a car resulting in a fracture of her left tibia, which was surgically repaired. By September of 2004 the surgeon reported that the fracture had healed but the Plaintiff continued to have pain and weakness in her leg. Both Dr. Gross and Dr. Markowski had agreed that during the period of her disability

(August 13, 2004 through February 3, 2006) the Plaintiff was less than capable of engaging in the full range of sedentary work. Plaintiff was unable to perform her past relevant work as a janitor or as a certified nurse's aide because each included extensive standing, walking, lifting and carrying of light weight. (R. 21).

The ALJ also took into consideration the Plaintiff's ability to perform other jobs during her period of disability between August 13, 2004 and February 3, 2006. The ALJ's findings that the Plaintiff, because of her age, education, work experience, and her RFC, that there were no available jobs for her during the period of disability was supported by substantial medical evidence in the record. The record also supports the ALJ's finding that there is adequate medical evidence in the record demonstrating that plaintiff's medical condition improved on February 3, 2006 and, therefore, ended the Plaintiff's disability and entitlement to benefits.

In making his determination, the record reveals that the ALJ considered all Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence in the record. (20 CFR 404.1529 and 416.929, SSRs 96-4p and 96-7p). The ALJ properly concluded that, although the injury that Plaintiff had suffered accounted for the alleged symptoms claimed by Plaintiff, however, the record does not

support the intensity and persistence of the symptoms alleged by plaintiff on and after February 4, 2006.

Dr. Gross opined that Plaintiff, as of February 3, 2006, was capable of engaging in sedentary work. (R. 24). This supported the ALJ's finding that plaintiff could perform an RFC involving sedentary work (although unable to perform her previous work activity) and, therefore, no longer qualifying her for disability benefits.

The ALJ's finding that Plaintiff is able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966) is supported by the record.

Accordingly, I find that the ALJ's decision that Plaintiff was qualified to receive both disability insurance benefits and social security benefits commencing on August 13, 2004 and ending February 3, 2006 is supported by substantial evidence in the record.

## CONCLUSION

For the reasons set forth above, I grant the Commissioners motion for judgment on the pleadings. Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                            s/Michael A. Telesca
                            MICHAEL A. TELESCA
                         United States District Judge

Dated: Rochester, New York
       June 14, 2010